IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVON MARKELL NEWTON,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-2120** |
| | : | |
| **ROBIN DOREAN** | : | |
| **NEWTON/CARTER,** et al., | : | |
|     Defendants. | : | |

### MEMORANDUM

**MARSTON, J.**                                                                                                                                       **June 10, 2025**

Devon Markell Newton filed this civil action against 14 individuals and entities.[1] (Doc. No. 1.) Newton also seeks leave to proceed *in forma pauperis*. (Doc. No. 2.) For the following reasons, the Court grants Newton's application to proceed *in forma pauperis* and dismisses his Complaint with prejudice.

### I.    FACTUAL ALLEGATIONS[2]

Newton's allegations are not the model of clarity. He asserts that on various dates between June 2018 and July 2025,[3] "United States Officers" conspired with the Defendants to "scam" Newton out of his "benefits, bequestment, identity, inheritance, birth rights and personal belongings." (Doc. No. 1 at 3.) He further alleges that "cooperating Muslims" and "cooperating Christians" are conspiring with "the feds" and the Commonwealth of Pennsylvania to have

---

[1] The named Defendants listed in the Complaint are: (1) Robin Dorean Newton/Carter; (2) Sinai Hill; (3) Christian Donovan Newton; (4) Tommy Hearshel Carter Jr.; (5) Red Robin Diner/Restaurant; (6) Robin's Jean Official; (7) Baskin Robbins; (8) Christian Louboutin Company/Christian Street; (9) Christian Dior Company; (10) Revival Christian Church; (11) Tommy Hilfiger Company; (12) Carters Store Companys; (13) Cartier & Co; and (14) Dominique Newkirk (IRS). (Doc. No. 1 at 1–2.)

[2] The factual allegations set forth in this Memorandum are taken from the Complaint (Doc. No. 1). The Court adopts the sequential pagination supplied by the CM/ECF docketing system to the entire submission. Punctuation, spelling, and capitalization errors in the Complaint have been cleaned up.

[3] The Court notes that as of the date of this Order, July 2025 is several weeks in the future.

Newton "detained and prosecuted for [his] inheritance." (*Id*.)  He states cryptically that "Sinai Hill is a law school student takin[g] classes online to be a detective" who contacted the "family court house . . . to try to confiscate our son away . . . [and place him] in the custody of the law." (*Id*.)

In the area of the form complaint asking about injuries related to the incidents alleged, Newton writes that unspecified "search warrant officers" and "CERT Team of State Road Correctional Officers" searched his apartment while he was incarcerated on various dates between August 2020 and April 2024 and left it "toxic" and "filthy." (*Id*. at 4.)  As relief for his claims, Newton seeks more than $11 million in "monetary currency compensation" related to various real estate properties in Devon, Pennsylvania, and a $15 million "cash app settlement" for "the mother of Dios Newton." (*Id*.)

## II.   MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Newton is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a litigant is "unable to pay such fees or give security therefor").[4]

## III.  SCREENING UNDER § 1915(E)

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted."  *See id.* ("Notwithstanding any filing fee, or any portion thereof,

---

[4] This is the seventh case where the Court has granted Newton leave to proceed *in forma pauperis*, and in every case, his claims have been dismissed on screening either with or without prejudice.  Many of those claims were dismissed for the same reason that the Court dismisses Newton's claims here.  Newton is warned that if he continues to file claims without regard for the Court's prior rulings, the Court may choose to deny him *in forma pauperis* status in the future.  *See Douris v. Middletown Tp.*, 293 F. App'x 130, 132–33 (3d Cir. 2008) ("We hold that the District Court did not err in denying *in forma pauperis* status based on Douris's abusive filings.").

that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

### A. Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), the Court uses the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  So, the Court must determine whether Newton's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  Conclusory allegations do not suffice.  *Id.*  However, because Newton is proceeding pro se, the Court liberally construes the allegations in his Complaint.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

### B. Analysis

The exact nature of Newton's claims is unclear, but he names governmental officials and entities as Defendants and appears to allege his civil rights were violated.  Accordingly, the Court understands him to be asserting constitutional violations.  The vehicle by which federal constitutional claims may be brought against state actors in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").  The Court considers Newton's claims against each Defendant in turn, grouping Defendants together when appropriate.

1. **Claims Against Private Individuals and Entities**

Newton names as Defendants various private individuals and entities, including several businesses and a church. (Doc. No. 1 at 2–3.) Other than the cryptic allegations against Sinai Hill, Newton does not assert any facts as to how these individuals and entities violated his civil rights. Further, these Defendants appear to be private individuals and entities rather than "state actors" subject to liability under § 1983 for constitutional violations. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Additionally, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

The Complaint does not allege any facts pertaining to the conduct of these private individuals and entities that would indicate they were state actors under the three tests outlined

4

by the Third Circuit. Accordingly, the claims against Robin Dorean Newton/Carter, Red Robin Diner/Restaurant, Robin's Jean Official, Baskin Robbins, Christian Donovan Newton, Christian Louboutin Company/Christian Street, Christian Dior Company, Revival Christian Church, Tommy Hearshel Carter Jr., Tommy Hilfiger Company, Carters-Store Companys, Cartier & Co, and Sinai Hill, are dismissed. However, Newton will be given an opportunity to amend his Complaint to add allegations of state action if he can do so in good faith.

### 2. Claims Against Dominique Newkirk

Newton also names as a Defendant Dominique Newkirk who, because he added the acronym "IRS" after her name, the Court presumes is an employee of the Internal Revenue Service. (Doc. No. 1 at 1.) Newton does not otherwise refer to Newkirk in the body of the Complaint.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." (quoting *Iqbal*, 556 U.S. at 677)). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. N.J. Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir.

2015) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6).

Other than naming Newkirk as a Defendant, Newton does not allege any facts as to how this individual violated his civil rights, thus he fails to assert the personal involvement required to state a plausible claim against her. Moreover, to the extent Newton seeks to assert a constitutional claim against Newkirk in her capacity as a federal official, the basis for doing so is *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (stating that the "purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" by subjecting them to personal liability). The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself—a claim under the Fourth Amendment against FBI agents for handcuffing a man in his own home without a warrant, *id*. 403 U.S. at 389; (2) a claim under the Fifth Amendment against a Congressman for firing his female secretary, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) a claim under the Eighth Amendment against prison officials for failure to treat an inmate's asthma, *Carlson v. Green*, 446 U.S. 14 (1980). Because Newton has not alleged any facts as to Newkirk's conduct, much less actions that could plausibly form the basis of a claim under *Bivens*, the Court also dismisses any claims against Newkirk. However, as with his claims against the other named Defendants, Newton will be given an opportunity to amend his Complaint to add allegations sufficient to state a claim against Newkirk if he can do so in good faith.

### IV.   CONCLUSION

For the reasons stated, the Newton's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(b). An appropriate Order follows.