IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEVON MARKELL NEWTON,      :
    Plaintiff,               :
                                :
    v.                         :      CIVIL ACTION NO. 25-CV-2120
                                :
ROBIN DOREAN              :
NEWTON/CARTER, *et al.*,    :
    Defendants.           :

## ORDER

AND NOW, this 10th day of June, 2025, upon consideration of Plaintiff Devon Markell Newton's *pro se* Complaint (Doc. No. 1) and Motion to Proceed *In Forma Pauperis* (Doc. No. 2), it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      The Complaint is **DEEMED** filed.

3.      Newton may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Newton's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Newton should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4.      The Clerk of Court is **DIRECTED** to send Newton a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the

above-captioned civil action number.  Newton may use this form to file his amended complaint if

he chooses to do so.

5.      If Newton does not wish to amend his Complaint and instead intends to stand on

his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir.

2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the

action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir.

1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the

district court did not abuse its discretion when it dismissed with prejudice the otherwise viable

claims . . . following plaintiffs' decision not to replead those claims" when the district court

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the

dismissal of those claims").

6.      If Newton fails to file any response to this Order, the Court will conclude that

Newton intends to stand on his Complaint and will issue a final order dismissing this case.  *See*

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

inferred from inaction after issuance of an order directing him to take action to cure a defective

complaint).

**BY THE COURT:**

**/s/ Karen Spencer Marston**
**KAREN SPENCER MARSTON, J.**